IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON SENNE, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 10 C 5434 ) |
| VILLAGE OF PALATINE, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jason Senne has sued the Village of Palatine, alleging that its practice of printing on parking tickets personal information obtained from motor vehicle records violates the Driver 's Privacy Protection Act (DPPA), 18 U.S.C. § 2721. The Village has moved to strike Senne's request for punitive damages, and Senne has moved to strike the Village's affirmative defenses. For the reasons stated below, the Court grants the Village's motion to strike, and grants Senne's motion to strike in part and denies it in part.

## Background

Senne filed this suit in August 2010. The Village moved to dismiss, arguing that leaving a parking citation on a car parked on a public street does not constitute a disclosure under the DPPA and that even if it does, it is specifically permitted by the statute. On September 22, 2010, the Court granted the Village's motion. On August 6, 2012, the Seventh Circuit, sitting *en banc*, reversed. The court held that leaving the

parking citation on a car constitutes a disclosure regulated by the DPPA and that the facts Senne alleged were sufficient to state a claim that the disclosure was prohibited by the statute. The court remanded the case to this Court for further proceedings.

On October 4, 2012, the Village filed its answer and affirmative defenses, as well as a motion to strike Senne's request for punitive damages. The Village's affirmative defenses are: (1) its actions were permissible under § 2721(b) of the DPPA; (2) Senne is not entitled to liquidated damages; (3) the DPPA is unconstitutional as applied to the Village's conduct alleged in this case (4) the Village has a First Amendment privilege to disclose the information in its parking citations because it is found in public records; and (5) the Village is not liable for punitive damages. On October 15, 2012, Senne filed a motion to strike the Village's affirmative defenses.

## Discussion

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed. R. Civ. P. 12(f)). To prevail on a motion to strike, the movant must show that the allegations in question are "patently defective and could not succeed under any circumstances." *Kiswani v. Phoenix Sec. Agency, Inc.*, No. 05 C 4559, 2006 WL 463383, at *4 (N.D. Ill. Feb. 22, 2006).

**1.   The Village's motion to strike Senne's request for punitive damages**

Though the Village does not cite the particular rule under which it makes its motion to strike, the Court treats the motion as a motion under Rule 12(f). *See VW Credit, Inc. v. Friedman and Wexler, LLC*, 2010 WL 831675, No. 09 C 2832, at *5 (N.D.

Ill. March 4, 2010) (granting motion to strike punitive damages pursuant to Rule 12(f)); *Campbell v. City of Johnston City*, 2005 WL 3440726, No. 05 C 4072, at *1 (S.D. Ill. Dec. 14, 2005) (finding that request to strike punitive damages falls under Rule 12(f)).

Senne argues that the Village forfeited its motion to strike because the motion was untimely. Rule 12(f) provides that a court may strike material from a pleading "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

The motion to strike appears on the docket before the Village's answer; according to the filing detail, the Village electronically filed the motion four minutes before it filed the answer. Thus it technically complied with Rule 12(f). Even were that not the case, the Court has discretion to reach the merits of a motion to strike even if the party filed it after filing its responsive pleading. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991). The Court also notes that Senne requested in open court that the Village file its answer along with its motion to strike. The Court will address the merits of the motion for these reasons and because a claim of punitive damages may significantly impact the scope of discovery.

The Village contends that Senne's request for punitive damages should be stricken because the Village is a municipality which, under common law and public policy, is immune from punitive damages. In making this argument, the Village relies primarily upon *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), in which the Court found that a municipality is immune from punitive damages in a 42 U.S.C. § 1983

action.[1]  In that case, the Supreme Court noted that municipalities were immune from punitive damages at common law and that the "judicial disinclination to award punitive damages against a municipality has persisted to the present day in the vast majority of jurisdictions."  *City of Newport*, 453 U.S. at 259-60.  The rationale for this is that an award of punitive damages against a municipality does not further the retributive-deterrent purpose of punitive damages, but instead punishes "only the taxpayers who took no part in the commission of the tort."  *Id.* at 267.  Barring punitive damages against a municipality thus protects the public from unjust punishment and protects the municipality from undue fiscal burdens.  *Id.* at 263.

The Court took these points into account in concluding that punitive damages are not available against a municipality under 42 U.S.C. §1983.  In view of the established common law immunity of a municipality from punitive damages, the Court concluded that "Congress would have specifically so provided [in section 1983] had it wished to abolish the doctrine."  *City of Newport*, 453 U.S. at 263 (internal quotation marks omitted).

Consistent with the Supreme Court's analysis, punitive damages are unavailable against the Village under the DPPA unless the statute expressly abrogates the municipality's immunity.  *Id.* at 267; *see also Cook County v. U.S. ex rel. Chandler*, 538 U.S. 119, 129 (2003) ("Since municipalities' common law resistance to punitive damages still obtains, '[t]he general rule today is that no punitive damages are allowed unless expressly authorized by statute.'") (quoting *City of Newport*, 453 U.S. at 260 n. 21).  "In order to abrogate a common-law principle, the statute must 'speak directly' to

---

[1] "Immune" is a loaded term in the law, but it is the term that the Supreme Court used. *City of Newport*, 453 U.S. at 270.

4

the question addressed by the common law." *United States v. Texas*, 507 U.S. 529, 534 (1993) (quoting *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 625 (1978)).

The DPPA does not "speak directly" to a plaintiff's ability to collect punitive damages from a municipality. The statute creates a cause of action against any "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter." 18 U.S.C. § 2724(a). Section 2725(2) in turn provides that the term "person" means an individual, organization, or entity, "but does not include a State or agency thereof." *Id.* § 2725(2). The DPPA further provides remedies that a court may award:

> (1) actual damages, but not less than liquidated damages in the amount of $2,500;
>
> (2) punitive damages upon proof of willful or reckless disregard of the law;
>
> (3) reasonable attorneys' fees and other litigation costs reasonably incurred; and
>
> (4) such other preliminary and equitable relief as the court determines to be appropriate.

*Id.* § 2724(b)(2).

Senne argues that this language "explicitly authorizes the award of punitive damages against a municipality." Pl.'s Resp. at 3. Under his reading of these provisions, because the Village is a "person" under section 2725(2), and a "person" is prohibited from disclosure (etc.) under section 2724(a), the Village is subject to punitive damages under section 2724(b)(2). Stated differently, Senne suggests that because the DPPA creates a cause of action against the Village, it also authorizes punitive damages against the Village just as it does against any other sort of defendant.

The Court disagrees. Senne's proposed construction ignores the Supreme

5

Court's mandate that a statute permits punitive damages against a municipality only if it expressly abrogates a municipality's immunity or expressly authorizes punitive damages against a municipality. *See City of Newport*, 453 U.S. at 267; *United States v. Texas*, 507 U.S. at 524. Though the DPPA expressly references punitive damages, it is silent regarding whether a municipality may be held liable for them. Such language cannot be considered express legislative authorization or a waiver of the well-settled common law principle of municipal immunity from punitive damages. The Court therefore grants the Village's motion and strikes Senne's request for punitive damages.

**2.    Senne's motion to strike affirmative defenses**

A court may strike an affirmative defense if it is legally insufficient on its face. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The standard is effectively the same as the standard that governs a motion to dismiss a complaint for failure to state a claim. *See, e.g., Renalds v. S.R.G. Rest. Group, Chi., LLC*, 119 F.Supp.2d 800, 802-03 (N.D. Ill. 2000). The Village therefore must make factual allegations sufficient to raise its right to the asserted defenses above a "speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court accepts the allegations in the affirmative defenses as true and considers them in the light most favorable to the Village. *Id.* at 572.

The Village's first affirmative defense is that its actions fall within the permissible purposes set forth in § 2721(b) of the DPPA. Senne argues that the Court should strike this defense because the Village alleges a permissible *use*, when it should have alleged a permissible *purpose* for disclosing Senne's personal information. The Village contends that Senne reads its allegations too narrowly and that it has sufficiently

6

alleged that its disclosures were for a permissible purpose under the DPPA. The Village also points out that "[w]hether the Village had a permitted purpose for including information on a parking ticket was the primary reason the Seventh Circuit remanded this case." Def.'s Resp. at 3.

The Court agrees with the Village that it has sufficiently alleged that its disclosures were for a permissible purpose. In addition, the Seventh Circuit virtually mandated further factual development prior to adjudication of the propriety of the Village's disclosure of the information in its parking citations. *See Senne v. Vill. of Palatine*, 695 F.3d 597, 608-09 (7th Cir. 2012) (en banc) (explaining that this issue "cannot be resolved on review of the entry of judgment on a motion to dismiss" and that "[f]urther proceedings will permit the parties to explore this question."). The Court declines to strike the Village's permissible purpose defense.

The Village's second affirmative defense is that Senne is not entitled to liquidated damages under 18 U.S.C. § 2724(b) because he has not alleged that he suffered any actual damages. Merits aside, this is not really an affirmative defense, because it does not raise any new matter that would defeat recovery. *See Hinkle Eng'g, Inc. v. 175 Jackson L.L.C.*, N. 01 C 5078, 2002 WL 31248492, at *3 (N.D. Ill. Oct. 3, 2002); *Mueller v. Ameritech Info. Sys., Inc.*, No. 91 C 3429, 1992 WL 48014, at *1 (N.D. Ill. March 3, 1992) ("An affirmative defense is a statement that admits the truth of the complaint's allegations but states new matter that exculpates the defendant.") (internal quotation marks omitted). Rather, the Village challenges what Senne might be able to prove. The Court therefore strikes this defense, not due to any lack of merit, but because it is not an affirmative defense.

The Village asserts as its fifth affirmative defense that the DPPA is unconstitutional as applied to the Village's conduct as alleged in this case.  Specifically, it contends that the Commerce Clause does not grant Congress the power to regulate its activities and that the DPPA, as applied to a municipality, runs afoul of the Tenth Amendment.  Federal Rule Civil Procedure 5.1(a) requires a party to provide notice to the United States Attorney General when it challenges the constitutionality of a federal statute.  The Village has not followed the requirements of Rule 5.1 in asserting this affirmative defense.  The Court therefore strikes this defense, without prejudice.  If the Village wishes to assert this defense, it must seek leave to amend, verifying that it will comply with Rule 5.1.  If the Court grants leave to amend, the Village will be required to promptly provide the Attorney General with the necessary notice.

The Village asserts a First Amendment privilege as its third affirmative defense. Specifically, the Village states that a parking ticket is a court complaint that becomes a matter of public record.  It contends that the First Amendment allows it to repeat, publish, or disclose information found in public records even if the DPPA specifically prohibits such disclosure.  Stated another way, the Village asserts that it has a First Amendment privilege to do exactly what the DPPA prohibits.  This argument plainly calls the DPPA's constitutionality into question.  For the same reasons noted with regard to the fifth affirmative defense, and on the same conditions, the Court strikes this affirmative defense without prejudice.

The Village's fourth and final affirmative defense is that it is not liable for punitive damages. As discussed above in Section 1, the Court has stricken Senne's request for punitive damages.  Thus this portion of Senne's motion is moot.

**Conclusion**

For the foregoing reasons, the Court grants the Village's motion to strike Senne's request for punitive damages [docket no. 54]. The Court grants in part and denies in part Senne's motion to strike the Village's affirmative defenses, as described more fully in the body of this decision [docket no. 58]. The Village is directed to comply with Fed. R. Civ. P. 5.1 and serve the United States Attorney General with notice of its constitutional challenges. This case remains set for a status hearing on January 7, 2013 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 4, 2013