**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON SENNE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) ) | Civil Case No. 10 CV 5434 |
| | ) | JUDGE Kennelly |
| THE VILLAGE OF PALATINE, ILLINOIS A MUNICIPAL CORPORATION, | ) ) ) ) ) | MAGISTRATE JUDGE MASON |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

NOW COMES your Plaintiff and in support of his motion for a protective order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure states:

1. Rule 26 (c) provides that:

    Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (1)   that the disclosure or discovery not be had …

2. Plaintiff has conferred with the Village of Palatine to no avail.

3. Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times*

*Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").   Thus, the decision to issue a protective order rests within the sound discretion of the trial court.

4. Rule 26(b)(1) limits the scope of discovery to matters which are relevant to the claim or defense of any party.

5. Plaintiff filed a complaint against the Village of Palatine accusing it of violating his statutory right to privacy under the Driver's Privacy Protection Act.

6. The Driver's Privacy protection Act provides in relevant part that:

> A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

7. The relevant facts which Plaintiff would testify (i.e. that he received a parking citation from the Village which left on his unattended vehicle and contained his personal information from his motor vehicle record) are all alleged in the Complaint and admitted by the Village in its answer.

8. Thus, the sole issue this Court needs to decide on the issue of liability is whether Palatine's obtainment, use, or disclosure of Plaintiff's personal information are permitted under the Act.

9. Also, because Plaintiff is seeking statutory damages (as opposed to actual damages) for himself and the putative class, there are no credibility issues to investigate.

10. Nonetheless, Plaintiff has already been subjected to a three hour deposition[1] (which may be continued for up to four more hours) where he was interrogated, in the presence of the Police chief, about his employment, living arrangements, family, neighborhood and other completely irrelevant issues.

11. During Plaintiff's deposition, Plaintiff revealed that he was sensitive to Palatine's violation of his privacy in part because he was the victim of identity theft (years before the citation was issued) that cost him over $9,000.

12. However, while the identity theft information provided background as to Plaintiff's motivation for filing this lawsuit, his motive is not pertinent to a violation of this strict liability statute.

13. Also, as if subjecting Plaintiff to three hours of humiliation wasn't enough, Palatine now seeks to collect more irrelevant personal information about him and his employer for the sole purpose of intimidating and harassing Plaintiff further. This abuse must be stopped.

14. In particular Palatine has issued three subpoena's (Attached as Exhibit A, hereto):

   a. The first to Plaintiff's employer, Northwest Recovery, seeking complaints against Plaintiff and his employer (who is not a member of the putative class) as well as Plaintiff's personnel file;

   b. The second to the Buffalo Grove Police department seeking identity theft case reports filed by Plaintiff and some unknown third party; and

   c. The third to the Illinois Commerce Commission for any complaints against Plaintiff or his employer.

---

[1] At the time of this motion, the transcript had not yet been prepared.

15. The subpoenas seek to obtain evidence that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

16. The manner in which Palatine is conducting its discovery is clearly motivated by an intent to intimidate Plaintiff (with the presence of the police chief); interfere with Plaintiff's employment (by seeking irrelevant records on Plaintiff and his employer); as well as to annoy, embarrass, oppress and place an undue burden or expense on another party or witness.

17. The subpoenas seek to obtain privileged information, i.e. personnel files and investigation reports that are irrelevant, highly sensitive and confidential without a protective order in place.

18. At the time Plaintiff filed this putative class action, it was alleged that Palatine had issued 32,000 tickets in violation of the Act. That number now may well be in excess of 50,000.

19. Does Palatine claim that it has the right to question the tens of thousands of potential Plaintiffs regarding irrelevant material or does it just seek to exact revenge on those who have spoken up against it?

Wherefore, none of the three subpoenas issued seeks information which is pertinent to the allegations in the complaint or Palatine's affirmative defenses and Plaintiff asks that the Court order that "the discovery not be had" in accordance with Rule 26 (c).

    Respectfully submitted,
    Jason Senne,

    By: s/Martin J. Murphy
    Martin J. Murphy
    Attorney for Plaintiff

> 2811 RFD
> Long Grove, IL 60047
> 312-933-3200
> mjm@law-murphy.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have filed electronically the attached. All of the litigants are represented by counsel and this document will be served on counsel of record by the Court's ECF system.

>   s/Martin J. Murphy